IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES JACKSON, )
    Petitioner, )
     )
    v. ) 2:11-cv-512
     )
JOHN K. MURRAY, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition is a Motion to Dismiss (Document No. 31) submitted on behalf of the respondents. For the reasons set forth below, the motion will be granted.

At the time the instant petition was filed, Charles Jackson was incarcerated at the State Correctional Institution at Camp Hill serving a five to ten year sentence imposed following his conviction by a jury of possession with intent to deliver controlled substances, possession of controlled substances and drug paraphernalia, retail theft and theft by deception at No. CP-02-4322-2006 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] This sentence was imposed on December 6, 2007.[2]

An appeal was taken to the Superior Court which court affirmed the judgment of sentence on January 7, 2010 and Jackson's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on June 30, 2010.[3]

In the interim, a co-defendant of the petitioner in the underlying criminal proceedings appealed her conviction and on April 21, 2011, the Superior Court determined that the search of the defendants' van was unreasonable and vacated her drug convictions.[4] On June 28, 2011, Jackson filed a post-conviction petition and the Commonwealth conceded that in light of the co-defendant's successful appeal, petitioner's drug convictions should be vacated. Accordingly,

---

[1] See: Petition at ¶¶ 1-6 and Exhibit 1 to the answer.
[2] Id.
[3] See: Petition at ¶9 and Exhibit 1 to the answer.
[4] See: ¶7 of the present motion.

1

post-conviction relief was granted, the drug charges were dismissed and on December 1, 2011 petitioner was resentenced on Count 9 – criminal attempt theft by deception and Count 10- criminal attempt retail theft to consecutive 1 to 2 year sentences with credit for time served and the petitioner was released from custody.[5]

The instant petition was executed on June 15, 2011 and in it Jackson contends he is entitled to relief on the following grounds:

1. ADA Sachs (prosecutor) violated petitioner's due process of law rights under the United States Constitution 5th & 14th Amendments, for committing "prosecutorial misconduct".
2. ADA Sachs (prosecutor) violated petitioner's due process of law rights under the United States Constitution 5th & 14th Amendments, for committing "prosecutorial misconduct".
3. Trial court violated petitioner's 5th & 14th Amendment due process of law rights under the United States Constitution for "abusing its discretion" as a matter of law.
4. Petitioner's speedy trial due process of law rights under the United States Constitution 6th & 14th Amendments were violated.[6]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner (emphasis added).

In DeFoy v. McCullough, 393 F.3d. 439 ,441(3d Cir.), cert. denied 545 U.S. 1149 (2005), the Court wrote:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.

The Court of Appeals relied on Maleng v. Cook, 490 U.S. 488, 492 (1989) in which the Court considered,

> Whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted [and concluded that such an individual is not "in custody" for habeas purposes]

---
[5] Id at ¶12 and Exhibit 3 to the answer.
[6] See: Petition at ¶ 12.

2

Thus, the essence of these holdings is that where an individual has completed his sentence and been fully released from any restraints on his liberty, that individual does not meet the "in custody" requirement for habeas corpus relief. However, while not the case here, where an incarcerated individual completes a sentence and remains incarcerated on another sentence he does fulfill the "in custody" requirement in that if the first sentence is vacated, the time served on that sentence could be applied to his subsequent sentence.

A motion to dismiss should be granted when it can be determined as a matter of law that an individual has failed to state a claim upon which relief may be granted. Rule 12(b)(6), F.R.Civ.P. See: Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Because as a matter of law, the petitioner cannot demonstrate that he is entitled to relief here, the respondents' Motion to Dismiss will be granted.

An appropriate Order will be entered.

ORDER

And now, this 8th day of March, 2012, for the reasons set forth in the foregoing Memorandum, the respondents' Motion to Dismiss the petition of Charles Jackson for a writ of habeas corpus (Document No.31) is GRANTED;

And it is further Order that pursuant to Rule 4(a) F.R.App.P any party desiring to file an appeal must do so within thirty (30) days of this date.

s/ Robert C. Mitchell
United States Magistrate Judge